IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

BILLY TRACY #999607, §
    Petitioner, §
§
v. § CIVIL ACTION NO. 5:20-cv-156
§
DIRECTOR, TDCJ-CID, § JUDGE MICHAEL J. TRUNCALE
§
    Respondent, § DEATH PENALTY

PRO SE MOTION TO SUBSTITUTE COUNSEL UNDER 18 U.S.C. § 3599

    Here comes before the Court Petitioner Mr. Billy Tracy seeking substitute counsel to replace Mr. Ryan Gertz due to a complete lack of adequate representation & failure to communicate w/ me his client. This Court appointed Mr. Gertz on the 21st day of October, 2020. Since Mr. Gertz was appointed, I have repeatedly attempted to correspond with him by mail & by e-mail via my significant other(a Yolanda de Kruijff). The following is a record of said correspondences & whether or not I received a reply from Mr. Gertz:

Letters sent by USPS mail:

November 1, 2020 - Mr. Gertz replied on November 24, 2020
December 14, 2020- Mr. Gertz replied on January 8, 2021
February 8, 2021 - NO REPLY
May 3, 2021      - NO REPLY
May 13, 2021    - NO REPLY

Letters sent by e-mail:

May 3, 2021      - Mr. Gertz replied with a very dismissive "I don't know if I received Billys letter" reply.

    Upon further investigation of Mr. Gertz work history, it was discovered that he has **no experience** in Capital cases before being appointed to my case. Listed on Mr. Gertz's own website is the following "PRACTICE AREAS":

Federal Cases: White Collar Crimes, IRS investigatins, SEC Defense Matters, Corporate Fraud Defense, Securities Fraud, Conspiracy, Mail/Wire/Bank Fraud, Bankruptcy Fraud, Tax Fraud, Tax and Securities INvestigations, Antitrust Violations, Health Care Fraud, Enviromental Violations, Immigration Fraud, Customs Violations, Criminal Antitrust Violations Goverment/Mail/Wire Fraud, Bribery, Embezzlement.

State Cases: Driving While Intoxicated(DWI), Computer Crimes, Theft(Shoplifting, Employee theft), Possession of drugs/Controlled substances, Carrying a weapon in a restricted

1

area, Assault(family violence), Aggravated Assault, Intoxication Assault, Sexual Assault, Aggravated Sexual Assault, Indecency with a child, Juvenile Murder, Intoxication Manslaughte Negligent Homicide.

Furthermore, according to Guideline 10.2 of the "State Bar of Texas Guidelines & Standards for Texas Capital Counsel"(Adopted by the State Bar Board of Directors April 21, 2006)...Mr. Gertz has NOT met the guidelines listed in sections A-C. The guidelines are as follows:

A. Counsel at all stages of the case should make every appropriate effort to establish a relationship of trust w/ the client, & should maintain close contact w/ the client.
Mr. Gertz sent me a letter a couple of weeks after being appointed letting me know he was my lawyer & said he'd contact me once he reviewed the record. He never contacted me or discussed anything w/ me at all after that pertaining to my case!

   1. Barring exceptional circumstances, the client should be contacted w/in 24 hours of initial counsels entry into the case, w/ full & complete interviews of the client to be conducted as soon as practically possible.
Mr. Gertz has NOT conducted any such interviews w/ me!

   2. Promptly upon entry into the case, initial counsel should communicate in an appropriate manner w/ both the client & the government regarding the protection of the client's rights against self-incrimination, to the effective assistance of counsel, & to preservation of the attorney-client privilege & similiar safeguards.
Mr. Gertz has NOT communicated w/ me at all about this!

B. Counsel at all stages of the case should re-advise the client & the government regarding these matters as appropriate.
Mr. Gertz has NOT advised me of anything whatsoever!

C. Counsel at all stages of the case should engage in a continuing interactive dialogue w/ the client concerning all matters that might reasonably be expected to have a material impact on the case, such as:
   1. the progress of & prospects for the factual investigation, & what assistance the client might provide to it;
Mr. Gertz has NOT asked me about any prospects or how I can assist him in any way!
   2. current or potential legal issues;
Mr Gertz has NOT advised me/asked me/or updated me on any current or potential legal issues!
   3. the development of a defense theory;
Mr. Gertz has NOT advised me of anything whatsoever!
   4. presentation of a defense case;
Mr. Gertz has NOT advised me of anything whatsoever!
   5. potential agreed-upon dispositions of the case;
Mr Gertz & I have NOT agreed upon anything whatsoever!
   6. litigation deadlines & the projected schedule of case-related events;

2

Mr Gertz has NOT informed me of any such deadlines case-related!

7. relevant aspects of the client's relationship w/ correctional, parole or other governmental agents(e.g., prison medical providers or state psychiatrist).
Mr Gertz has NOT informed me of any such aspects he has looked into!

The Motion for Appointment of Counsel(Dkt.#1) that resulted in the appointment of Mr. Gertz on the 21st day of October, 2020...also DENIED appointment of Ms. Jennifer Merrigan. Ms. Merrigan has <u>extensive experience</u> in Capital cases & showed a willingness to represent me in my federal habeas proceedings. The following is a list of Ms. Merrigan's extensive experience in Capital litigation:

> Ms. Merrigan has represented people facing sentences of death & life w/out parole for firteen years. Her training & background are in capital mitigation, & she has been appointed & has consulted in state & federal habeas corpus, pre-authorization, & trial cases as a mitigation specialist & as counsel. She is a former staff attorney & Acting Director of the Death Penalty Litigation Clinic, a non-profit law firm in Kansas City, Missouri. Ms. Merrigan is an adjunct professor at Saint Louis University Law School & Washington University School of Law, where she founded & teches a death penalty clinical practicum. She has presented at dozens of national conderences on capital mitigation & litigation & has written several law review articles on capital defense. She helped research & develop the Supplemental Guidelines for the Mitigation Function of Defense Teams in Death Pebnalty Cases, 36 Hofstra L. Rev. 677(Spring 2008). She received the 2010 Missouri Association of Criminal Defense Lawyer's "Atticus Finch Award" for her advocacy & the 2011.

Ms. Merrigan is immensely much better qualified to represent me than Mr. Gertz is, as her credentials reflect.

I have representational rights that Congress enacted & the procedural safeguards that the Supreme Court has developed specifically for the Capital context. See 18 U.S.C. § 3599(explaining the statute was enacted due to "the seriousness of the possible penalty &...the unique & complex nature of the litigation."); see also Clair, 132 S.Ct. at 1284-85 (discussing the "enhanced rights of representation" in such serious cases '"reflect a determination that qualify legal representation is necessary' in all capital proceedings

3

to foster 'fundamental fairness in the imposition of the death penalty.'")(quoting McFarland v. Scott,512 U.S. 849, 855(1994)).

Furthermore, 28 U.S.C. § 2251 expressly authorizes "federal courts to stay state court proceedings 'for any matter involved in the habeas corpus proceedings.'"(McFarland, 512 U.S. at 858). And the Supreme Court demonstrated in Christeson, a federal court has jurisdiction to enter a stay(of habeas proceedings) where a death-sentenced individual has filed a §3599 motion seeking substitute counsel because appointed counsel's conflict of interest w/ the client. Mr. Gertz's failure to meet the basic standards & guidelines for Texas capital counsel has created a patent conflict w/ me, culminating in me seeking to dismiss Mr., Gertz & substitute him w/ Ms. Merrigan.

In addition, BOTH Mr. David R. Dow & Mr. Jeffrey R. Newberry have shown a willingness to be co-counsel to Ms. Merrigan. By the provisions of 18 U.S.C. §3599(a)(2) See McFarland v. Scott, 512 U.S. 849, 955-58(1994)...I am entitled to a second counsel. Also, §3599 compels a court to appoint new counsel if "the interest of justice" require.Ibid.(quoting Martel v. Clair, 565 U.S.___,___,132 S. Ct. 1276, 1284, 182 L.Ed.2d 135(2012). I am aware that the Fifth Circuit decided Mendoza v. Stephens, 783 F.3d 203(5th Cir.2015), & Speer v. Stephens, 781 F.3d 784(5th Cir.2015), which presented the question whether state prisoners whose federal-habeas counsel represented them in state-habeas proceedings are entitled to substitute or supplemental counsel under §3599 because "it would be a conflict of interest for [them] to now determine whether [their] state conduct was ineffectiv for purposes of vindicating their clients' rights under Martinez & Trevino.Speer, 781 F.3d at 785. In both cases, the Court remanded the cases to the district court & ordered the appointment of supplemental counsel to investigate whether the petitioner could establis cause & prejudice to overcome the procedural default of any new IATC claims under Martinez & Trevino. Judge Owen, filing a seperate concurrence in Mendoza, found that the appointment of substitute or supplemental counsel was required by the Supreme Court's earlier opinions in Christeson & Martel v. Clair, 132 S. Ct. 1276, 1286(2012), in which the Supreme Court held that "even in the absence of [§3599], a court would have to ensure that the defendant's statutory right to counsel was satisfied throughout the litigation; for instance, the court would have to appoint new counsel if the first lawyer developed a conflict w/...the client." Mendoza, 783 F.3d at 206-07(Owen, J., concurring). In Speer, the Fifth Circuit found that §3599 counsel was conflicted "in the sense that every lawyer charged to examine the performance of counsel is conflicted in that task when the performance is his own."Ibid. I hereby formerly WAIVE any claims of IAC(ineffective assistance of counsel) that may arise by Mr. David R. Dow being appointed to represent me in federal habeas proceedings.

Lastly, I invoke Rule 1.15 of the Texas Rules of Disciplinary Conduct which states:

4

Rule 1.15
    (a) A lawyer shall decline to represent a client or, where representation has commenced shall <u>withdraw</u>, except as stated in paragraph (c), from representation of a client, if:

    (3) the lawyer is discharged, <u>with or without good cause.</u>

Under this Rule, discharged is MANDATORY! I invoke this Rule respectfully.

WHEREFORE, Petitioner respectfully requests that this Court discharge Mr. Gertz & appoint as substitute counsel Ms. Merrigan. Petitioner also respectfully request that this Court appoint as co-counsel either (or both) Mr. David R. Dow, & Mr. Jeffrey R. Newberry.

DATED: July 11, 2021

Respectfully submitted,

Billy Tracy / July 14th 2021
Billy Tracy #999607
Polunsky Unit
3872 FM 350 South
Livingston, Tx. 77351

Contact Info:

Jennifer Merrigan
Phillips Black
1901 S. 9th St., 501
Philadelphia, PA 19148
888.532.0987(tel)
888.543.4964(fax)
j.merrigan@phillipsblack.org

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel.(713) 743-2171
Fax (713) 743-2131
ddow@central.uh.edu

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, Texas 77204-6060
Tel.(713) 743-6843
Fax (713) 743-2131
jrnewber@central.ih.edu

cc: Jennifer Merrigan, David R. Dow, Jeffrey R. Newberry, Ryan Gertz, & the Honorable Judge Michael J. Truncale